# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMAL RABBI ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV-15-0060-R |
| ) | |
| MARK W. JUYCKE, JEAN ) | |
| KEDDISSI, AHMED AWAB, JOHN ) | |
| TOMPKINS, FEROZ MAQBOOL, ) | |
| and ANNA LISA NEILL, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On January 20, 2015, the United States filed a Notice of Substitution pursuant to 28 U.S.C. § 2679(d)(2). In response to an order by the Court, Plaintiff objected to the substitution, and the United States has filed a reply in support of its position. For the reasons set forth herein, the United States is hereby substituted for the individual Defendants pursuant to the above-referenced statute.

28 U.S.C. § 2679(d)(2) provides:

Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

In the instant case, the certification by the United States Attorney for the Western District of Oklahoma was appended to the notice of removal. Plaintiff contends the Court should make a judicial determination based on the facts rather than relying on the statutory substitution provision.

The Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679, known as the Westfall Act, "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). In *Fowler v. United States*, 647 F.3d 1232, 1235 (10th Cir. 2011), the court noted that if certification pursuant to § 2679(d)(3) is granted by the Attorney General, or his designee, that the United States is substituted as defendant in place of the employee. This statement follows from the Supreme Court's decision in *Osborn*:

> Section 2679(d)(2) does not preclude a district court from resubstituting the federal official as defendant for purposes of trial if the court determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect.

*Id.* at 242. Accordingly, the Court interprets the statute as mandating substitution upon certification, with the understanding that "the Attorney General's certification that a federal employee was acting within the scope of his employment . . . does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995). Rather, Plaintiff may chose to challenge the decision by submitting evidence to rebut the certification, which operates

as *prima facie* evidence that the individuals were acting within the scope of their federal employment.

Plaintiff herein presents no facts to support his contention that the individually named Defendants were not acting within the scope of their employment or that the certification was in any manner improper. Rather, he asks that the Court defer substitution, set a status conference and then determine whether the individuals were acting within the scope of their employment after the presentation of evidence, which was not identified. Thereafter, Plaintiff proposes, the Court may determine whether substitution is proper. Plaintiff contends this will streamline the process, because if the Court determines the individuals were acting outside the scope of their employment by deliberately and intentionally misrepresenting facts to a VA patient regarding Plaintiff, that only damages will remain for consideration, liability having been established.

The Court disagrees with Plaintiff's approach, in part, because it interprets the substitution provisions as self-executing. *See Fowler v. United States*, 2007 WL 1894282 (W.D.Tex. 2007)("Whether Flower agrees or not, as it now stands, the Government *is* the defendant in lieu of Gonzales by operation of law by virtue of the Government's certification of scope of employment of Gonzales under 28 U.S.C. § 2679(d)(2). . . ."). The certification creates a rebuttable presumption that the individuals were acting within the scope of their employment, thereby making substitution appropriate until such time as Plaintiff presents evidence to establish otherwise. *See Schiefer v. United States*, 2007 WL 1391391 (S.D.Ga.2007)(on motion to reconsider substitution Court concluded certain individual

defendants were not acting within the scope of employment and vacated substitution). The Court therefore orders that the Clerk of Court substitute the United States as Defendant.[1]

IT IS SO ORDERED this 25th day of February, 2015.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] In light of Plaintiff's failure to meet his burden at this juncture the Court declines to consider the argument of the United States that by virtue of Plaintiff's Standard Form 95, submitted to the Department of Veteran's Affairs, that Plaintiff conceded the employees were acting within the scope of their employment.